**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: BKY Case No.: 26-42825

Chapter 12

Nathan Luverne Norby,

Debtor.

**NOTICE OF HEARING AND MOTION TO DISMISS THE CASE OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY**

TO: THE DEBTOR AND OTHER ENTITIES SPECIFIED IN THE APPLICABLE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 9013-2.

1. Nicole Norby, ("**Ms. Norby**"), by and through her undersigned counsel, hereby moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion at 2:00 p.m. on November 18, 2026. The hearing will be conducted telephonically. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Dial-in instructions for telephonic hearings will also be displayed the day prior to the hearing on Judge Fisher's public calendar here: https://www.mnb.uscourts.gov/judges-calendars. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

3. Any response to this motion must be filed and served not later than Wednesday, November 11, 2026, which is seven (7) days before the time and date set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rules 1070-1 and 1073-1. This proceeding is a core proceeding.

5. This bankruptcy case was commenced on August 26, 2026 by the filing of a voluntary Chapter 12 petition. The case is now pending in this Court.

6. This motion arises under 11 U.S.C. §§ 362 and 1208(c) and Local Rules 4001-1 and 9013-1 and 9013-2. Ms. Norby respectfully requests this Court issue an order dismissing the case. In the alternative, Ms. Norby requests an order terminating the automatic stay to permit Ms. Norby to collect her property interests (which are in the nature of domestic support).

**BACKGROUND**

***The Dissolution and Decree***

7. In 2023, Debtor Nathan Luverne Norby ("**Debtor**") became indebted to Ms. Norby through a settlement awarded to her in the parties' marital termination proceedings (Swift County Court File No. 76-FA-23-206) (the "**Divorce Proceedings**").

8. On or about December 29, 2023, a "Combined Marital Termination Agreement and Stipulated Findings of Fact, Conclusions of Law, Order for Judgment, Judgment and Decree of Dissolution of Marriage" ("**Decree**") was entered in the Divorce Proceedings. See **Exhibit A**. The Decree, the result of a stipulation between the parties, awarded all of the marital real estate assets to the Debtor subject to a marital lien in favor of Ms. Norby in the amount of $2,076,606.26, less cash rent paid to Ms. Norby. (*See* Ex. A at p. 11.)

9. **The property awarded to Ms. Norby via the Decree was in lieu of spousal support**, as evidenced by the state court's use of language in the Decree at Section XV(c): "the parties have sufficient income and property, **including marital property apportioned herein**, to

provide for their reasonable needs, considering the standard of living establishing during the marriage … **Consideration for this agreement to jointly waive spousal maintenance is the property settlement contained herein.**” (Ex. A, p. 5, emphasis added.)

10. The parties were ordered to place the marital home and land for sale so that Ms. Norby could receive her share of the settlement. (*Id*., at p. 11; Decree Ex. B.)

11. The Court described Ms. Norby's property settlement as a "marital lien" that is in the nature of child support, spousal maintenance, or marital property settlement. (Ex. A, p. 12.)

12. The marital lien attached to the following pieces of real property in Swift County, Minnesota:

Tract 1 PID 18-0049-00
Tract 2 PID 18-0053-000
Tract 3 PID 18-0050-000
Tract 4 PID 18-0054-000
Tract 5 PID 18-0079-000
Tract 6 PID 18-0087-000

(Ex. A, "Real Estate Exhibit.)

***Appointment of Receiver and Nathan Norby's Attempts to Frustrate Sale Efforts and Intimidate Ms. Norby***

13. On or around February 8, 2024, Glenwood State Bank provided the Debtor notice that he was in default on a number of loans, some in his name individually and some in his and Ms. Norby's name, that were secured by all of the land owned by the parties.

14. The total amount due to Glenwood State Bank as of February 29, 2024 was $2,385,133.48.

15. At the request of Ms. Norby, due to the Debtor's *failure to liquidate any real property* despite the mandate of the parties' Decree, the Swift County Court appointed Brandon

Zumwalt as a receiver (the "**Receiver**") for the purpose of marketing and selling the real estate so as to effect the judgment on May 3, 2024, through an Order on Motion to Enforce Judgment and Decree and Order for Judgment attached hereto as **Exhibit B**.

16. The Receiver garnered interest from potential buyers for the real property despite Debtor's various actions and antics intended to undercut the Receiver's efforts. This is evidenced by the Affidavit of Kristi Jo Block attached hereto as **Exhibit C**.

17. On or around June 19, 2024, the Receiver notified Ms. Norby's attorney by email that there was a signed purchase agreement for the 68.5-acre parcel of land. (Ex. C. ¶ 4.)

18. The Debtor did everything in his power to torpedo the sale, first threatening to dig up anything the potential buyers were to plant on the land, removing and destroying "for sale" signs on the land, and threatening ad misleading buyers. (Ex. C ¶ 5.) Debtor's actions in early 2024 caused Ms. Norby to secure an *ex parte* harassment restraining order against Debtor on or around April 30, 2024 after the Debtor came to Ms. Norby's place of work, yelled and swore at her, and acted in an otherwise threatening and menacing manner. (*See* **Exhibits D, E** hereto.)

***The First Chapter 12 Proceedings and Debtor's Ongoing Efforts to Avoid Enforcement of the Parties' Divorce Decree***

19. While the Receiver and Ms. Norby worked to get the property sold despite Debtor's interference, the Debtor commenced a first Chapter 12 bankruptcy case – Case No. 24-41605 (Bankr. D. Minn.) (the "First Chapter 12") on June 20, 2024.

20. The First Chapter 12 further delayed Ms. Norby's ability to secure the settlement to which she is entitled, though the parties were able to negotiate a Plan that was ultimately

confirmed in August 2025. Within six months, however, the Debtor defaulted on his obligations under the confirmed plan and the First Chapter 12 case was dismissed on March 3, 2026.

***Renewed Efforts to List and Sell the Property Subject to the Dissolution Decree***

21. After the First Chapter 12 was dismissed, the Receiver again garnered interest from potential buyers for the real property. (Ex. C ¶ 6.)

22. The Receiver caused an online auction to be commenced on August 24, 2026, listing 4 parcels of the marital property subject to the Decree[1]:

a. Tract 1: 155 acres (148.15 tillable)

b. Tract 3: 68.56 acres (45.51 tillable)

c. Tract 4: 107.47 acres (90.87 tillable)

d. Tract 7: 61.17 acres (51.99 tillable)

The online auction was open from 12:00 p.m. August 24, 2026 through 2:00 p.m. August 31, 2026. (Ex. C ¶ 7.)

23. The auction generated signed purchase agreements for Tracts 1 and 4. (Ex. C ¶ 8.)

24. A third parcel – Tract 7 – was also sold at auction but because the purchase agreement signed by the would-be purchaser was not received by the Receiver until *after* he received notice of the instant bankruptcy case, the Receiver has not signed the purchase agreement for Tract 7. (Ex. C ¶ 9.)

---

[1] The tracts listed at auction are described differently that in the Decree, as a new survey was performed in the interim to limit access issues (the Chippewa River runs through the property and the "old" Tracts had property on both sides of the river.) A copy of the new survey is attached hereto as **Exhibit F**.

25. The Receiver has received an offer on Tract 3, outside of the auction process, but no purchase agreement has been executed. (Ex. C ¶ 10.)

***The Second Chapter 12 Bankruptcy***

26. On August 26, 2026, the Debtor commenced this second Chapter 12 bankruptcy proceeding (the "Second Chapter 12").

27. In his bankruptcy schedules, Debtor states that the value of the property secured by Ms. Norby's claim is $4,500,000. (Doc. No.15, p.3.) The schedules also identify the senior lien of Glenwood State Bank, attaching to the same property, in the amount of $1,900,000.[2] (*Id*., p 49)

28. By twice seeking bankruptcy relief upon learning of purchase interest, , Debtor has made clear that he intends to use bankruptcy process as a shield to deprive Ms. Norby of the rights granted to her by the stipulated Decree.

29. Notably, the Debtor represented to the Court, despite the Decree, that he "owed no domestic support obligation when he filed his bankruptcy petition." (Doc. No. 16.) At best, the Debtor misleads the Court with this certification; arguably, he has perjured himself, given the ongoing validity and enforceability of the settlement set forth in the Decree.

30. Ms. Norby's entire domestic support settlement from the Debtor is connected to the liquidation of real property in question. In essence, the Debtor has all of the marital assets and Ms. Norby's adjudicated support has been denied. The Debtor has not, in his bankruptcy filings nor in his testimony at the 11 U.S.C. § 341 Meeting of Creditors, made any convincing showing

[2] In its Objection to Debtor's Motion for the Use of Cash Collateral, Glenwood State Bank represented that, as of the Petition Date, it has a lien of $1,887,139.09,

that his utilization of the bankruptcy process is anything other an elaborate ruse to avoid enabling Ms. Norby to collect on her legitimate and long-overdue divorce settlement.

31. Whether outright dismissal, or limited relief from the automatic stay, the ability to capitalize on the interest of identified buyers and sell the land subject to Ms. Norby's lien is critical and time is of the essence. Without relief, the parties (and Glenwood State Bank, the senior lienholder) run the risk that the would-be buyers lose interest. The 2027 farming season is mere months away. Ideally, the sale(s) would close in time for any buyer to plan appropriately for the 2027 planting season. The realtor retained by the Receiver maintains that buyers remain interested but interest may wane the longer buyers are prohibited by the bankruptcy and automatic stay from completing their purchase(s). (Ex. C ¶ 11.) It is important, presumably to *all* parties, to get the property sold as soon as possible to minimize the risk of losing out on the sale altogether. Ms Norby, of course, has particular interest in the sales being consummated as her divorce settlement has been functionally in limbo for three years.

32. Further delay of the sale process is a miscarriage of justice and antithetical to the aims of both the state court and the Bankruptcy Court.

**RELIEF REQUESTED**

33. For the reasons set forth herein and in the accompanying memorandum of law, Ms. Norby respectfully moves the Court for entry of an Order dismissing this second Chapter 12 bankruptcy due to undue delay and the debtor's failure to pay a domestic support obligation. In the alternative, Ms. Norby asks the Court terminate the automatic stay so Ms. Norby may work with the Receiver to sell the property and liquidate the assets for the benefits she is entitled to under the Decree.

**WHEREFORE**, Ms. Norby respectfully requests an Order of this Court granting expedited relief and directing as follows:

1. The Chapter 12 bankruptcy case be dismissed per 11 U.S.C. § 1208(c)(1) or (10); or, in the alternative

2. The automatic stay imposed by 11 U.S.C. § 362(a) be terminated and Ms. Norby be authorized to collect any and all proceeds derived from the sale of the property that she is entitled to recover per the Decree; and

3. Granting such other relief as the Court finds just and equitable.

COZEN O'CONNOR

Dated: November 4, 2026

By s/ *Sarah Doerr*
Matthew R. Burton (#210018)
Sarah E. Doerr (#338679)
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 877-5000
Email: mburton@cozen.com
sdoerr@cozen.com
ATTORNEY FOR INTERESTED PARTY NICOLE NORBY

**VERIFICATION**

I, Nicole Norby, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: 11/2/26

Nicole Norby



LEGAL\119124345\1